# In the United States Court of Federal Claims

No. 99-212V
(Filed: November 10, 2009)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| | \* |
| JOHN DOE/11 AND JANE DOE/11, | \* |
| As Representatives of the Estate of | \* |
| CHILD DOE/11, Deceased, | \* |
| | \* |
| Petitioners, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF THE DEPARTMENT | \* |
| OF HEALTH AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

**Jurisdiction to Review Special Master's Decision on Interim Attorneys' Fees; 42 U.S.C. §§ 300aa-12, 300aa-15; Court Award of Partial Interim Fees.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \*

<u>Richard Gage, P.C.</u>, Cheyenne, WY, for Petitioner.

<u>Glenn McLeod</u>, U.S. Department of Justice, Civil Division, Torts Branch, Washington D.C., for Respondent.

---

**OPINION AND ORDER GRANTING PETITIONERS' MOTION FOR REVIEW OF SPECIAL MASTER'S DECISION ON INTERIM FEES AND AWARDING PARTIAL INTERIM FEES**

---

<u>WILLIAMS,</u> Judge

        This matter comes before this Court on Petitioners' Motion for Review of the Special Master's Decision of June 9, 2009, partially granting and deferring interim attorneys' fees and costs.[1]  The Court concludes that the Special Master's decision to award Petitioners' counsel,

---

        [1]   This Court has jurisdiction to review the interim fee petition at this juncture because the Special Master rendered a decision on compensation and had a full record on the issue of fees and costs requested up to this point.  Although an appeal of the compensation decision is pending at the Federal Circuit and another fee petition will be forthcoming following resolution of the appeal, this circumstance does not prevent this Court from reviewing the interim fee request now.  <u>Avera v. Sec'y of HHS</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

1

Richard Gage, P.C., no interim fees after years of litigation was an abuse of discretion. Because this Court is familiar with the circumstances of this litigation, having reviewed two decisions of the Special Master on compensation, the Court exercises the statutory option of determining a partial interim fee award relating to proceedings before this Court. The Court remands this matter to the Special Master for an additional interim award related to proceedings before the Special Master.

## Background[2]

On April 8, 1999, Petitioners filed this action alleging that their daughter died as the result of an injury caused by a Hepatitis B vaccination. On January 31, 2008, the Special Master issued a decision dismissing the petition, and Petitioners timely sought review. Petitioners argued that the Special Master applied a legally erroneous "compelling proof" standard on causation, and that the Special Master's fact-finding was arbitrary and capricious.

On July 31, 2008, this Court issued an opinion vacating the Special Master's decision and remanding the case to the Special Master with instructions to allocate the burden of proof properly, reweigh the evidence, and address separately each of the three prongs of the causation test articulated in Althen v. Sec'y of HHS, 418 F. 3d 1274, 1278 (Fed. Cir. 2005). See Doe/11 v. Sec'y of HHS, 83 Fed. Cl. 157, 176 (2008).

On October 29, 2008, the Special Master issued her decision on remand, again dismissing the petition, finding Petitioners had not established a prima facie case that the vaccine caused their daughter's death. Doe/ll v. Sec'y of HHS, No. 99-212V, 2008 WL 4899356 (Fed. Cl. Spec. Mstr. Oct. 29, 2008).

On December 1, 2008, Petitioners sought review of the Special Master's decision following remand, arguing that the Special Master had again misapplied the legal standard on causation, and that the Special Master's fact-finding was arbitrary and capricious.

On April 22, 2009, this Court issued an opinion affirming the Special Master's remand decision, Doe/11 v. Sec'y of HHS, 87 Fed. Cl. 1 (2009), and judgment dismissing the petition was entered on April 24, 2009. On June 18, 2009, Petitioners noticed an appeal of this Court's decision to the Federal Circuit.

Meanwhile, on March 13, 2009, while Petitioners' motion for review of the remand decision was pending at this Court, Petitioners filed an "Application for Award of Interim Attorneys' Fees and Reimbursement of Costs" before the Special Master seeking $183,535.83 --

---

[2] This background constitutes this Court's findings of fact for purposes of awarding Mr. Gage interim fees.

$167,291.75 in attorneys' fees, and $16,244.08 in attorneys' costs.[3]   Petitioners sought reimbursement for 419.4 hours billed by Richard Gage, P.C.[4]

Respondent filed its opposition to the fee application on April 30, 2009, arguing that the fees and costs requested by Petitioners were not supported and were excessive given the nature and scope of the proceedings.  Resp't's Resp. to Pet'rs' Application for Award of Interim Attorneys' Fees and Reimbursement of Costs, Apr. 30, 2009 ("Resp't's Opp."); Doe/11 v. Sec'y of HHS, No. 99-212V, 2009 WL 1803457, at *2-5.  Respondent did not dispute that the petition was brought in good faith and had a reasonable basis, and agreed that the Special Master could award Petitioners their reasonable attorneys' fees and costs.[5]  Respondent objected to the hourly rate requested for Gage & Moxley's paralegal, Julie Hernandez, and argued that Petitioners

---

[3]   Although Respondent argued this interim petition should be treated as a final petition because compensation had been adjudicated, the Special Master accepted Petitioners' designation of the application as seeking an "interim" award of fees and costs.  The Special Master stated:

> [T]he interim fee petition was filed while petitioners' motion for review was pending.  The motion for review has been resolved and judgment has entered in respondent's favor.  Petitioners' counsel had indicated that whether or not the merits of the case were to be appealed, the fee decision would be appealed to address the dispute concerning petitioners' counsel's requested hourly rate.  Accordingly, petitioners' counsel asserts that the fee petition is in fact an interim one.  Based on representations of the petitioners' counsel and the time of filing of the pending fee request, the undersigned treats the petition as an interim fee request.

Doe/11 v. Sec'y of HHS, No. 99-212V, 2009 WL 1803457, at *2 n.2 (Fed. Cl. Spec. Mstr., June 9, 2009).  Petitioners' counsel represented that he intends to request additional fees and costs relating to the appeal at the Federal Circuit when he files his application for a final award.  Oral Arg. Tr. 44, Aug. 19, 2009.

[4]   From November 23, 1996, through December 29, 2005, attorneys' fees in this litigation were billed by the firm of Gage & Moxley.  From January 18, 2006, onward, all attorneys' fees were billed by Richard Gage, P.C.  Although Petitioners cited 419.1 and the Special Master cited 419.4 as the number of hours billed by Richard Gage, P.C., by the Court's calculation, the total number of hours billed in the fee petition by Richard Gage, P.C. is 417.2.  See Appl. For Award of Interim Attorneys' Fees and Reimbursement of Costs, Tab C (Mar. 13, 2009).  For the purpose of issuing its partial interim award, the Court uses the total of 417.2 hours.

[5]   Respondent did not object to the litigation costs claimed by the law firm of Gage & Moxley, or to the number of attorney hours requested by that firm, as set forth at Tabs E and F of the fee application.  Doe/11, 2009 WL 1803457, at *2-5.

provided insufficient evidence to justify the requested rates of $350.00 to $410.00 per hour for Richard Gage, P.C.'s services. Respondent cited a 2004 case in which Petitioners' counsel had been awarded $200 per hour. In addition, Respondent objected to the number of hours of Mr. Gage and an expert, Dr. Alan Levin, as excessive. Resp't's Opp. 4-5; Doe/11, 2009 WL 1803457, at *2-4. Respondent also objected to Dr. Levin's hourly rate.

On May 20, 2009, the Special Master conducted a telephonic conference to hear the parties' position on interim fees. Dckt. No. 163. The Special Master did not ask Government counsel whether there was any amount of Richard Gage, P.C.'s fees above zero to which the Government would be willing to agree at that juncture. Oral Arg. Tr. 31-32, Aug. 19, 2009.

The Special Master issued her decision on interim attorneys' fees and costs on June 9, 2009, and awarded undisputed fees and costs of $12,985.48, including attorneys' costs of $6,016.98 and attorneys' fees for the firm of Gage & Moxley of $6,968.50. Doe/11, 2009 WL 1803457, at *5. Although Petitioners sought fees of $159,985.75 for work performed by Richard Gage, P.C., the Special Master awarded nothing for this category of the fee petition, solely because the amount was disputed.[6] Although Respondent had not argued that Richard Gage, P.C. should receive no interim fees and had only challenged the rate and the number of hours, the Special Master did not attempt to arrive at an interim fee payment -- even in a reduced amount taking into account Respondent's concerns with the rate and the number of hours. The Special Master's only explanation for awarding no interim fees to Richard Gage, P.C. was that "[t]he disputed aspects of the interim fee petition will be addressed in the final decision on fees and costs." Id. at *5. On June 15, 2009, Petitioners filed a motion for review of the Special Master's interim fee decision asking this Court to order the Special Master to award what they claim is "the full uncontested amount" of interim fees, estimating those costs to be "approximately" $90,000. Memo. of Obj. 10.

## Discussion

### Jurisdiction

A threshold issue is whether this Court has jurisdiction to review a Special Master's decision on interim attorneys' fees issued after the Special Master's final decision on compensation and after this Court's intermediate appellate review, but before the Federal Circuit has completed its appellate review.

The Vaccine Act sets forth the circumstances in which the Court of Federal Claims ("COFC") may review a Special Master's decision:

---

[6] Although Petitioners list $159,985.75 in the fee petition as the amount of attorneys' fees billed by Richard Gage, P.C., by the Court's calculation, the number of hours multiplied by the rates listed is $157,366.75. See Appl. For Award of Interim Attorneys' Fees and Reimbursement of Costs, Tab C (Mar. 13, 2009).

A Special Master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation. The decision of the Special Master shall --

(i)     include findings of fact and conclusions of law, and
(ii)    be issued as expeditiously as practicable but not later than 240 days, exclusive of suspended time . . .

The decision of the Special Master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e) of this section.

42 U.S.C. § 300aa-12(d)(3)(A).

Section 12(e) of the Act states:

(e)     Action by United States Court of Federal Claims

(1)     Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision.

. . . .

(3)     In the absence of a motion under paragraph (1) respecting the special master's decision . . . the clerk . . . shall immediately enter judgment in accordance with the special master's decision.

42 U.S.C. § 300aa-12(e).

Regarding attorneys' fees, Section 15(e) of the Act states:

(1) In awarding compensation on a petition . . . the special master or court shall also award as part of such compensation an amount to cover --

(A) reasonable attorneys' fees, and
(B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if

5

the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e).

Section 12(e) authorizes judicial review of a Special Master's "decision," and Section 12(d) describes that "decision" as a "decision on whether compensation is to be provided . . . and the amount of such compensation." The section authorizing attorneys' fees and costs, Section 15(e), mandates that attorneys' fees and costs "in any proceeding on such petition" are to be awarded "as part of" a "decision" granting "compensation." Thus, both the decision granting compensation as well as the decision granting fees as "part of" such compensation are subject to judicial review. Likewise, both a "decision" denying compensation and the concomitant Special Master's "decision" on fees are subject to review by this Court.[7] The fact that an award of fees and costs is discretionary when compensation is denied does not alter the jurisdictional landscape.

The Federal Circuit in Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008), held that the Vaccine Act authorizes the award of interim fees, but did not expressly address the COFC's jurisdiction to review an interim fee decision under the Act.[8] However, by resolving the appeal and not questioning the COFC's jurisdiction over the interim fee petition, the Federal Circuit in Avera implicitly recognized that interim fee and cost decisions are reviewable in the scenario where the Special Master and the COFC have issued decisions on compensation for the alleged vaccine-related injury and the COFC's decision is on appeal -- the precise procedural posture here. As such, this Court has jurisdiction to review the interim fee decision at issue.

The Court recognizes that in Shaw v. Sec'y of HHS, 88 Fed. Cl. 463 (2009), this Court declined to review the Special Master's interim fee decision. However, Shaw arose in a different procedural posture, where the Special Master had not yet adjudicated vaccine-related compensation. The Special Master in Shaw deferred the issue of interim fees, citing a need to evaluate the entitlement record in order to adjudicate fees and costs in the proper context. Id. at 465.[9] This Court stated:

---

[7] The Vaccine Act is unusual in providing that the Special Master or Court may award fees and costs even if the petitioner is not awarded compensation, as long as either tribunal determines that "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e). Here, the government has conceded the good-faith and reasonable-basis prerequisites.

[8] The parties in Avera did not raise the issue of the COFC's jurisdiction to review interim fee/cost awards.

[9] The Special Master in Shaw reasoned:

As the parties are aware, the undersigned is preparing a ruling on entitlement in this matter. A significant issue in the entitlement ruling is whether Dr. Tenpenney,

> [T]he Special Master has deferred consideration of petitioner's entitlement to the fees and costs requested in the interim fee petition until she reviews the record on entitlement, so that she can make her assessment on fees in the context of reviewing the entire record -- especially the testimony and exhibits related to the expert fees at issue. Such a procedural decision is clearly not final and is outside this Court's jurisdiction.

Id.[10]  Thus, the Shaw court found that the Special Master's decision on interim attorneys' fees was not appealable at that juncture, "absent unique circumstances not present here." Id. at 466.

However, this Court in Shaw noted that "[c]ourts have found interim fee awards to be reviewable in limited circumstances where the award decision is imbued with some degree of finality due to the circumstances surrounding the award." Id. at 463 n.3 (citations omitted). In the instant case, the fact that a final compensation award has been fully adjudicated before both the Special Master and this Court (twice) imbues the decision on interim fees up to this point -- after years in litigation -- with the requisite finality to permit judicial review. All of the fees and costs incurred in the proceedings before the Special Master and this Court can be readily scrutinized based upon the full record already compiled. Unlike in Shaw, there is no reason for the Special Master to await resolving interim fees and costs in order to analyze expert testimony and expert costs in the context of adjudicating compensation. That has all been done, and there is no reason to delay reimbursement of fees for another period pending appeal. This conclusion comports with the Federal Circuit's reasoning in Avera that "[d]enying interim fee awards would clearly make it more difficult for claimants to secure competent counsel because delaying payments decreases the effective value of awards." 515 F.3d at 1352; see generally Saunders v. Sec'y of HHS, 25 F.3d 1031, 1035-36 (Fed. Cir. 1994) ("A secondary purpose of the Act is to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act.").

---

> as an osteopathic doctor and one of petitioner's many treating physicians, was qualified to opine on the cause of petitioner's neurologic injury. The transcript of the entitlement hearing and the interim fee petition reflect many hours of research by Dr. Tenpenney in preparing an opinion letter in this case. The reasonableness of Dr. Tenpenney's extensive research is best considered in connection with the undersigned's evaluation of the petitioner's entitlement claim.

Shaw v. Sec'y of HHS, No. 01-707V, slip op. at 2-3 (Fed. Cl. Spec. Mstr. May 1, 2009) (Order denying petitioner's motion for reconsideration).

[10]  In so holding, this Court in Shaw looked to Avera, noting that "Avera did not address whether this Court could review an interlocutory interim fee decision while the case remains pending before the Special Master and a decision on compensation has not yet been issued." Shaw, 88 Fed. Cl. at 464.

**Was the Special Master's Decision to Deny Richard Gage, P.C. Any Attorneys' Fees An Abuse of Discretion?**

The Special Master did not articulate a rationale for her decision to deny any attorneys' fees to Richard Gage, P.C. on an interim basis. Rather, the Special Master deferred award of all contested categories of fees and costs until a final fee application is adjudicated after the appeal to the Federal Circuit is resolved. However, the Special Master had already issued a final decision on compensation, permitting an assessment of Petitioners' interim fee request in the context of a fully developed trial record, where expert testimony had been evaluated and expert opinions had been weighed. Unlike in Shaw, the Special Master here identified no portion of the contested fees which would require further development of the record for resolution of the interim fee issue.

Further, in denying wholesale all of the interim fees requested by Richard Gage, P.C., the Special Master made no attempt in the interim fee proceedings to ascertain whether Respondent was willing to agree to any portion of the $159,985.75 requested.[11] Although in the proceedings on interim fees before the Special Master, Respondent disputed the hourly rates and the number of hours billed, Respondent did not suggest that Richard Gage, P.C. was entitled to no fees whatsoever. Nor did the Special Master attempt to determine a partial award by reducing the hourly rate and number of hours to accommodate Respondent's concerns. Under such circumstances, the Special Master's decision to award Richard Gage, P.C. no interim fees was an abuse of discretion. As the Federal Circuit recognized in Avera, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. These requisites were met here -- the petition was filed on April 8, 1999, and there were protracted proceedings before both the Special Master and this Court, involving the testimony of four experts and novel issues of causation. As such, interim fees in some amount were warranted.

**Should this Court Award Interim Fees?**

Under 42 U.S.C. § 300aa-12(e)(2), this Court may affirm, "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law," or "remand the petition to the special master for further action in accordance with the court's direction." Section 15(e) of the Act authorizes the Court as well as the Special Master to award petitioners' reasonable attorneys' fees and other costs. 42 U.S.C. § 300aa-15(e).

Petitioners urge this Court to resolve the interim fee petition and enter its own award, rather than remand, stating that "[s]ignificant delays have already occurred" and that "a remand will only further delay payment." Pet'rs' Second Suppl. Br. 6. In deciding whether to remand or make its own interim fee award, the Court is mindful of the lengthy and contentious proceedings

---

[11] On appeal in this Court, when asked, Respondent's counsel agreed to an interim award of $20,000.

to date in this case. In resolving the appeals, this Court found it necessary to conduct two lengthy oral arguments on the petitions for review. See Oral Arg. Tr., July 10, 2008 and Oral Arg. Tr., Feb. 11, 2009. Under these circumstances, the Court exercises the authority granted by 42 U.S.C. § 300aa-12(e)(2) to issue its own findings of fact and conclusions of law on the interim fee petition, but only with respect to proceedings in this forum.

At this Court's request, the parties proposed an amount which this Court should award in interim fees. Tr. 33-34, Sept. 11, 2009. Respondent proffered a minimum acceptable interim fee award of $20,000, reflecting compensation for 100 hours at a rate of $200 per hour. Resp't's Second Suppl. Br. 10. Petitioners proposed an interim payment of fees and costs totaling $104,985.48. Pet'rs' Second Suppl. Br. 6.

Of the 417.2 hours billed by Richard Gage, P.C., 172.1 hours, approximately 40 percent of the total, were billed for work and travel pertaining to the two motions for review litigated before this Court. As such, this Court is familiar with these phases of the litigation and is able to make its own determination as to the number of hours that are reasonable for this work. Cf. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (holding that the Special Master could adjust fees based on prior experience). In proceedings in this forum, the Court found Mr. Gage to be a well prepared, competent advocate for his clients. Having reviewed Petitioners' fee petition and supporting papers, the Court determines that the total hours requested for Richard Gage P.C. in this forum -- 160.2 hours of work and 11.9 hours of travel -- are reasonable.

Respondent proposed that Petitioners' counsel be compensated at the rate of $200 per hour for work performed between 2006 and 2009. However, that rate was awarded to Mr. Gage by a Special Master for work performed in 2004, and a reasonable hourly rate must be adjusted for inflation as appropriate. See, e.g., Hall v. Sec'y of HHS, 2009 WL 3094881, *4 (Fed. Cl. Spec. Mstr. July 28, 2009) (motion for review pending) (citing Masias v. Sec'y of HHS, 2009 WL 1838979, *8-13 (Fed. Cl. Spec. Mstr. June 12, 2009) (motion for review pending)). In Hall, the Special Master awarded interim fees to Mr. Gage using the following rates:

| 2006 | $219/hr |
|------|---------|
| 2007 | $233/hr |
| 2008 | $239/hr |
| 2009 | $239/hr |

Hall, 2009 WL 3094881 at *4. Finding the Hall rates reasonable in the context of determining partial interim fees incurred in this forum, the Court awards Richard Gage, P.C. interim fees for 2008 and 2009 at the rate of $239 per hour.

As for the remaining 245.1 hours claimed, which pertain to litigation before the Special Master, this Court concludes that the Special Master is more familiar with the work done in that phase of the litigation and better able to make a determination in the first instance as to what interim reimbursement may be reasonable. See Saxton, 3 F.3d at 1521-22. The Court therefore remands this matter to the Special Master to award reasonable interim attorneys' fees and costs

for the work performed before the Special Master.  In remanding, the Court notes that nothing in Avera limits an award of interim fees to an amount which is uncontested.  515 F.3d at 1350-52.

In summary, the Court awards the following interim attorneys' fees for work performed by Richard Gage, P.C.:

| Year | Hourly Rate | Hours | Interim Fees Awarded |
|------|-------------|-------|----------------------|
| 2008-2009 | $239 | 160.2 | $38,287.80 |
| 2009 | $120 (1/2 rate for travel)[12] | 11.9 | $1,428.00 |
| Total | | 172.1 | $39,715.80 |

### Conclusion

1.      The Special Master's decision on interim fees is reversed in part.[13]

2.      Based upon this Court's adjudication of a partial interim fee award relating to proceedings in this forum, the Clerk shall enter judgment for Petitioners and shall direct an award in the form of a check made jointly payable to Petitioners and Richard Gage in the amount of **$39,715.80**.

3.      This matter is remanded for a determination of an additional interim fee and cost award relating to proceedings before the Special Master.  Pursuant to the Vaccine Act, the remand proceedings shall be completed within 90 days of the date of this decision.  42 U.S.C. § 300aa-12(e)(2); Vaccine Rule 28.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[12]   For the 11.9 hours of travel time during 2009, Mr. Gage billed at half his hourly rate. The Court therefore awards a rate of $120 per hour for travel time.

[13]   The Special Master's award of $12,985.48 was not challenged.